# Davidson | Fink
### Attorneys at Law

Glenn M. Fjermedal
Partner

September 17, 2020

**VIA ECF AND EXPRESS MAIL**

Hon. Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** ***Goonewardena vs. Forster & Garbus, LLP, et al.***
> **E.D.N.Y. Case No. 18-CV-00029-MKB-ST**

Dear Judge Tiscione:

Our office represents Defendants Forster & Garbus, LLP ("F&G"), Amy Gavlik, Ronald Forster, Mark Garbus, Edward Klein, and Joel Leiderman (collectively, "Defendants") in the above-captioned matter. This letter serves as pro se Plaintiff Prasanna Goonewardena and Defendants' (collectively, the "Parties") joint letter requesting that Your Honor so order and allocute all the terms and conditions of the fully executed settlement agreement in the above-referenced matter which attaches four related state court settlements and stipulations of dismissal with prejudice in *NCSLT 2007-4 v. Goonewardena*, index no. 76/13 (Sup. Ct., Queens Cnty.); *NCSLT 2007-4 v. Goonewardena*, index no. 80/13 (Sup. Ct., Queens Cnty.); *NCSLT 2007-1 v. Goonewardena*, index no. 40760/12 (Civil Ct., Queens Cnty); *NCSLT 2007-2 v. Goonewardena*, index no. 40779/12 (Civil Ct., Queens Cnty.) (collectively, the "State Court Actions"). I attach the fully executed Federal settlement agreement and release and attached State Court settlement agreements and stipulations of dismissal with prejudice for Your Honor's consideration.

The Parties highlight the following terms and conditions of this global settlement: (1) upon the execution of the settlement and release agreement, Defendants are to pay Plaintiff $3280.00 within 15 days after receipt of the same ; (2) upon the execution of the settlement and release agreements in the two Queens County Supreme Court actions, Defendant F&G agrees to execute and file Stipulations of Discontinuance with Prejudice forever dismissing these actions; (3) the Parties agree that F&G shall execute and file Stipulations of Discontinuance with Prejudice dismissing the two Queens County Civil Court actions; (4) that Plaintiff and his heirs successors and assigns shall forever release Defendants and their respective parent, subsidiary, and affiliate corporations and their partners, employees, representatives, agents, attorneys, accountants and representatives as well as those of Defendants' clients National Collegiate Student Loan Trust 2007-1, 2007-2, 2007-3 and 2007-4, Delaware Statutory Trusts, and their respective shareholders,

---

directors, officers, employees, representatives, agents, specifically including Transworld Systems, Inc. and U.S. Bank National Association, employees, attorneys, accountants and representatives from any and all obligations, liabilities, damages, claim, causes of action, losses, damages, costs and expenses, and attorneys' fees of every kind and nature, in law or equity, whether the facts on which the same have been based are known or unknown, which the Plaintiff ever had, now has, or hereafter may have, for, on account of, or by any reason of any transaction, occurrence, omissions, relationship, matter, cause or thing to the extent they relate to the State Court and Federal Lawsuits; and (5) that Defendant F&G shall make all efforts not to collect on or bring suit on any consumer accounts in Plaintiff's name with a specific notice provision to my office and Defendant F&G's partners to allow F&G to close any such collection efforts with a bar upon Plaintiff from bringing any complaints, affidavits, arbitrations or proceedings against F&G and partners and employees provided notice is given and F&G ceases all collection efforts.

The settlement of the State and Federal actions are meant to be binding upon all signatories of the Federal and State Court settlement agreements including Prasanna Goonewardena, Amy Gavlik, Ronald Forster, Mark Garbus, Edward Klein, Joel Leiderman, F&G and its attorneys, employees and NCSLT clients and its agents Transworld Systems, Inc. and U.S. Bank National Association as well as my law office. The Parties further understand these settlement agreements are intended to resolve their entire disagreement forever and that that no claims can be made against each other going forward for any reason other than what is provided for in Section 15 of the Federal settlement agreement and release. The Parties all verify that their notarized signatures are their own and that they executed the settlement agreements and releases in the form attached hereto with this letter. In order to memorialize these global settlements of the Federal and State Court lawsuits, we respectfully ask that Your Honor so order the entire terms and conditions of the attached Federal settlement agreement and release after my signature block to be allocuted as part of the record in this proceeding.

The Parties thank Your Honor for all of your efforts to procure a final, global resolution of the Federal and State Court lawsuits.


Respectfully submitted,

/s/ Glenn M. Fjermedal


DAVIDSON FINK LLP

Cc: Prasanna Goonewardena (Via ECF and E-Mail)

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT is made and entered into this the ⟨1⟩ᵗʰ day of S⟨epte⟩b⟨e⟩r , 2020, by **PRASANNA GOONEWARDENA**, ("Plaintiff") and **FORSTER & GARBUS, LLP** ("F&G"), **AMY GAVLIK, RONALD FORSTER, MARK GARBUS, EDWARD KLEIN,** and **JOEL LEIDERMAN** ("Defendants").

### RECITALS

WHEREAS, the F&G initiated four New York State collection lawsuits, two in the Civil Court of the City of New York, County of Queens Index No. 40760/12, and Civil Court of the City of New York, County of Queens Index No. 40779/12, ("Civil Court Actions") and two in the Supreme Court of the State of New York, County of Queens Index No. 80/13, and Supreme Court of the State of New York, County of Queens Index No. 76/13 ("Supreme Court Actions") (collectively, ("State Court Actions") against Plaintiff; and

WHEREAS, the Plaintiff initiated suit against Defendant in the United States District Court for the Eastern District of New York, Case No. 13-CV-6415 (the "Federal Suit #1") which was settled pursuant to a Settlement and Release Agreement dated January 23, 2014. As part of that settlement, pro se Plaintiff and F&G entered into Settlement Stipulations for all four of the State Court Actions;

WHEREAS, Plaintiff filed a second Federal Action against Defendants in the United States District Court for the Eastern District of New York, Case No. 18-cv-00029 ("Federal Suit #2"); and

WHEREAS, the Parties have agreed to enter into a final and global resolution of their disputes between them in the above–referenced Federal and State Court Actions, pursuant to the terms of this Settlement and Release Agreement.

### AGREEMENT

NOW, THEREFORE, in consideration of the Recitals and mutual covenants contained in this Settlement and Release Agreement and other good and valuable consideration, the Parties agree as follows:

**1.    Payment.**    Upon the execution of this Settlement and Release Agreement, Defendants shall pay to pro se Plaintiff the amount of $3,280.00 to be paid within fifteen (15) days after receipt of the fully executed Settlement and Release Agreement.

**2.    Dismissal of Supreme Court Actions.**    Upon execution of the Settlement and Release Agreement from each of the State Court Supreme Court Actions attached hereto as Exhibits "A" and "B", Defendant F&G shall execute and file Stipulations of Discontinuance with Prejudice attached hereto as Exhibits "C" and "D".

**3.    Dismissal of Civil Court Actions.**  The Parties confirm that of F&G shall execute and file Stipulation of Discontinuance with Prejudice attached to as Exhibits "E" and "F".

**4.    Plaintiff's Release.** Prasanna Goonewardena, and his respective heirs, successors, and assigns, hereby releases and discharges Defendants and their respective parent, subsidiary, and affiliate corporations and their respective partners, employees, representatives, agents, attorneys, accountants and representatives and their respective heirs, successors, and assigns, from any and all obligations, liabilities, damages, claims, causes of action, losses, damages, costs, expenses, and attorneys' fees of every kind and nature, in law or in equity, whether the facts on which the same may be based are not known or unknown, which the Plaintiff ever had, now has, or hereafter may have, for, on account of, or by any reason of any action, transaction, occurrence, omissions, relationship, matter, cause or thing to the extent that they relate to the State Court Actions and this Federal Lawsuit. Prasanna Goonewardena and his respective heirs, successors, and assigns, further releases and discharges National Collegiate Student Loan Trust 2007-1, 2007-2, 2007-3 and 2007-4, Delaware Statutory Trust(s) and their respective parent, subsidiary, and affiliate corporations and their respective shareholders, directors, officers, employees, representatives, agents (Transworld Systems, Inc. and U.S. Bank National Association), employees, attorneys, accountants and representatives and their respective heirs, successors and assigns, from any and all obligations, liabilities, damages, claims, causes of action, losses, damages, costs, expenses, and attorneys' fees of every kind and nature, in law or in equity, whether the facts on which the same may be based are not known or unknown, which the Plaintiff ever had, now has, or hereafter may have, for, on account of, or by any reason of any action, transaction, occurrence, omissions, relationship, matter, cause or thing to the extent that they relate to the State Court Actions and this Federal Lawsuit.

**5.    No Admission of Liability.** The Parties understand and agree that this Settlement and Release Agreement is a compromise of actual and possible disputes and claims, known or unknown, and is not to be construed as an admission of liability on the part of any party.  The Parties hereby expressly deny liability or responsibility for all such claims.

**6.    Accord and Satisfaction.**  This Settlement and Release Agreement is an accord and satisfaction of all of the obligations and claims between the Parties in the Action.  This Settlement and Release Agreement is executed voluntarily and each party was represented by counsel and has read and understands its contents.

**7.    Acknowledgement.**  The Parties represent that they have had adequate opportunity to consider the terms of this Settlement and Release Agreement, and that this Settlement and Release Agreement is being entered into of their own free will, and not based on any coercion or inducements made by the other party.

**8.    Governing Law.** This Settlement and Release Agreement shall be enforced and interpreted according to the laws of the State of New York excluding any choice of law rule, which would direct the application of the law of any other jurisdiction.

**9.    Entire Agreement.** This Settlement and Release Agreement is a full settlement of the Action and contains the entire Settlement and Release Agreement of the Parties and supersedes all previous and contemporaneous Settlement and Release Agreements, negotiations and understandings, whether written or oral.  This Settlement and Release Agreement may be modified only by a written Settlement and Release Agreement, signed by the Parties, expressly modifying this Settlement and Release Agreement.

**10.    Negotiated Settlement and Release Agreement.** This Settlement and Release Agreement has been negotiated between the Parties.  In the event of any dispute over the interpretation of this Settlement and Release Agreement, there shall be no rule of construction requiring that the Settlement and Release Agreement be construed in favor of or against either of the Parties.

**11.    Payment of Costs and Fees.** Each side shall bear its own costs and expenses.

**12.    Confidentiality.** The Parties to this Settlement and Release Agreement, and their respective counsel, shall not disclose the terms of this Settlement and Release Agreement to a third party (other than attorneys, tax preparers, accountants, or other business professionals who may require the information in order to provide their services or perform their duties to either party) unless ordered by a court of law.  The terms of this Settlement and Release Agreement shall remain confidential.

**13.    Authority.** The Parties each represent and warrant that this Settlement and Release Agreement has been properly authorized by the respective organizations, and that the persons signing this Settlement and Release Agreement on their behalf are duly authorized to do so.

**14.    Counterparts.** This Settlement and Release Agreement may be signed in counterparts, and facsimile signatures are acceptable.

**15.    No Further Collection Efforts By F&G Against Plaintiff.** Defendant F&G shall make all efforts not to collect or file suit on any consumer accounts in the name of the Plaintiff.  To the extent the Plaintiff receives any communications from F&G on any consumer accounts going forward, Plaintiff will immediately contact Glenn Fjermedal, Esq. at Davidson Fink LLP at 28 East Main Street, Suite 1700,   Rochester, New York 14614 and one of the Defendant firm partners, Mark A. Garbus, Esq. or Ronald Forster, Esq. at 60 Motor Parkway, Commack, New York 11725, by written notification by Certified Mail Return Receipt Requested, to advise of such collection efforts.  Plaintiff shall permit F&G and its attorneys reasonable time to cease and close any such collection efforts.   Plaintiff further agrees that he will not file any claims, complaints, affidavits, arbitrations or proceedings with any regulatory or administrative agency against F&G and its attorneys, provided that upon notice to Glenn Fjermedal and a partner, that they cease their collection efforts.  The notice must be provided per the manner set forth above

IN WITNESS WHEREOF, the Parties have executed this Settlement and Release Agreement under seal as of the date first written above.

**PRASANNA GOONEWARDENA**

Sworn to before me this 31st
day of August, 2020.

ALEX H JOSEPH
Notary Public - State of New York
NO. 01JO6386154
Qualified in Kings County
My Commission Expires Jan 22, 2023

Notary Public

**AMY GAVLIK**

Sworn to before me this 11
day of September, 2020.

SAMANTHA M. SIMMS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
REG. NO. 01SI5029559
COMMISSION EXPIRES JUNE 20, 2022

Notary Public

**RONALD FORSTER**

Sworn to before me this 11
day of September, 2020.

SAMANTHA M. SIMMS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
REG. NO. 01SI5029559
COMMISSION EXPIRES JUNE 20, 2022

Notary Public

**MARK GARBUS**

Sworn to before me this 11
day of September, 2020.

SAMANTHA M. SIMMS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
REG. NO. 01SI5029559
COMMISSION EXPIRES JUNE 20, 2022

Notary Public

**EDWARD KLEIN**

Sworn to before me this 11
day of September, 2020.

SAMANTHA M. SIMMS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
REG. NO. 01SI5029559
COMMISSION EXPIRES JUNE 20, 2022

Notary Public

**JOEL LEIDERMAN**

Sworn to before me this 10th
day of September, 2020.

SAMANTHA M. SIMMS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
REG. NO. 01SI5029559
COMMISSION EXPIRES JUNE 20, 2022

Notary Public

Sworn to before me this /1
day of *September*, 2020.

_____
Notary Public

SAMANTHA M. SIMMS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
REG. NO. 01SI5029559
COMMISSION EXPIRES JUNE 20, 20__

Sworn to before me this
day of 9/14/2020

_____
Notary Public

CASSANDRA R. LOOKUP
NOTARY PUBLIC, State of New York
Qualified in Monroe County
Reg. No. 01LO6390686
Commission Expires April 22, 2023

**FORSTER & GARBUS, LLP**

By: _____
Printed Name: MARK A. GARBUS
Its: PARTNER

**DAVIDSON FINK, LLP**

By: _____
Printed Name: Glenn M. Fjord.
Its: Pt

**SO ORDERED**

_____

**HON. STEVEN L. TISCIONE**

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2007-4, A DELAWARE STATUTORY
TRUST(S),

                    Plaintiff(s),

-against-

PRASANNA GOONEWARDENA,

                    Defendant(s).

---

**SETTLEMENT AND
RELEASE AGREEMENT**

**Index No.: 80/13**

**Forster & Garbus Acct. No.:
MS70000060672**

---

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff attorney and Defendant attorney that:

1.     Defendant consents to the jurisdiction of the Court.

2.     Defendant hereby withdraws the answer and waives any and all offsets, defenses and/or counterclaims with prejudice.

3.     Pursuant to CPLR § 8020(d), it is the Defendant's obligation to file the within stipulation of settlement, it shall, however, be filed by the Plaintiff.

4.     This action is now resolved and the attached stipulation of discontinuance of this action with prejudice shall be filed with the court. This stipulation is in settlement of this action only and only against the Defendant signing this stipulation.

5.     <u>Release of Claims:</u> Defendant releases and discharges National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust(s) and its respective current and former predecessors, successors, parents, affiliates, subsidiaries, and all of the aforementioned respective agents (Transworld Systems, Inc. and U.S. Bank National Association), employees, officers, directors, shareholders, attorneys (Forster & Garbus, LLP.) and its partners and employees, collection agencies, credit reporting agencies and vendors (the "Releasees") from all claims of any kind (including any claims for damages, interest, fees and/or attorney's fees) that he may have with respect to the student loan with account number 1729/003-001000, or any other matters between Defendant and Releasees, including without limitation, all claims that were asserted or could have been asserted in the Litigation as of the date of this Agreement. Defendant further agrees that he will not file any claims, complaints, affidavits, arbitrations, or proceedings with any regulatory or administrative agency with respect to the matters released in this Agreement against any of the aforementioned, and any such claims, complaints, affidavits, arbitrations or proceedings filed prior to the execution of this Agreement shall promptly be dismissed or withdrawn. This Agreement is intended to resolve forever this entire disagreement between Defendant and Releasees.

6.     Facsimile signatures shall be deemed original for purposes of this settlement stipulation only.

7.   This Settlement Agreement and Release is an exhibit to the Settlement and Release Agreement so ordered by Hon. Steven L. Tiscione in the *Prassana Goonewardena v. Forster & Garbus, LLP et al.* case in the Eastern District of New York (Civil Case No. 18-cv-00029) which reflects the final resolution of this matter going forward and that Defendant Pro Se cannot seek any further relief against the released parties.

Dated: 9/1/20

FORSTER & GARBUS, LLP
As Attorneys for the Plaintiff

By: _Teo Goonewardene_
Prasanna Goonewardena
Defendant Pro Se
24734A 77th Crescent
Apt. A
Bellerose, New York 11426

By: _Mark A. Garbus, PRTNR_
60 Motor Parkway
PO Box 9030
Commack, New York 11725
(631) 393-9400

(PLEASE NOTE THAT WE ARE REQUIRED, UNDER FEDERAL LAW, TO ADVISE YOU THAT WE ARE DEBT COLLECTORS AND ANY INFORMATION WE OBTAIN WILL BE USED IN ATTEMPTING TO COLLECT THIS DEBT.)

# RELEASE AGREEMENT

## I.   PARTIES

This Settlement Agreement and Release of Liability ("Agreement") is entered into this 31 day of August _____, 2020 by and between National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust(s) ("NCT") and Prasanna Goonewardena ("Defendant"), referred to collectively as "the Parties".

## II.   RECITALS

A.      On or about January 3, 2013 NCT filed an action regarding the student loan account 1729/003-001000 (the "Account"), captioned National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust(s) v. Prasanna Goonewardena, in the Supreme Court of the State of New York, County of Queens, Case No.: 80/13 ("Complaint"). The Complaint alleged the Defendant became indebted to NCT (the "Allegations") regarding the Account.

B.      On or about January 23, 2014, the Parties entered into a Settlement Stipulation and Release Agreement and presently owes $2,040.00 under said Stipulation.

C.      The Parties hereto wish to resolve all the disputes between them, asserted or unasserted, related to the Account, and the Action without admissions of any liability by either party.

## III.   AGREEMENT

NOW THEREFORE, in consideration of these promises and the mutual covenants set forth herein and for valuable and mutual consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows in order to avoid the costs and uncertainties of further litigation:

1.      **Recitals:** The foregoing recitals are confirmed as true and correct and are confirmed by the Parties as true and correct and are incorporated herein by reference. The recitals are a substantive and contractual part of this Agreement.

2.      **Dismissal of Action with Prejudice.** Upon execution of this Release Agreement, NCT, through its counsel, shall execute and file a Stipulation of Discontinuance with Prejudice attached hereto as Exhibit "A".

3.      **Release of Defendant.** In consideration of the promises contained herein, the Defendant hereby releases and forever discharges, on Defendant's behalf and on behalf of all of Defendant's agents, assigns, heirs, successors, servants and representatives including attorneys, do hereby release, acquit and forever discharge NCT and all of its affiliates, parents, and/or subsidiary corporations, account servicers and sub-servicers, including but not necessarily limited to Transworld Systems, Inc. ("TSI") and U.S. Bank National Association, their

representatives, managing partners, officers, directors, shareholders, employees, agents, assigns, predecessor or successors, servants, insurers, licensees, and representatives including attorneys ("Forster & Garbus"), together with any and all other persons who are or might be liable from any and all known or unknown claims, demands and causes of action of any sort and all damages, in equity or contract, which Defendant now or hereafter can, shall or may have relating to or assertable in connection with the Account or the Action ("Released Matters").

4.    **Settlement Not an Admission.**  This Agreement, and any negotiations or proceedings connected with it, shall not in any event constitute or be construed as, or be deemed to be evidence of any admission of or concession of any wrongdoing by either party hereto.

5.    **Representation.**  The Parties represent and warrants that the Parties have not sold, transferred, conveyed, assigned, or otherwise disposed of any right, title or interest in any of the Released Matters herein to any person or entity, and that the Parties are not aware of any other person or entity who may have or who has asserted or can assert a right, title, or interest in any of the Released Matters covered by this Agreement. The Parties further affirms that they are fully capable of executing this Agreement and understands its contents.

6.    **Confidentiality.**  The terms of this Settlement Agreement and any and all facts related to the Released Matters, and the negotiations leading hereto are confidential. The Parties agree not to disclose the terms of this Settlement Agreement and any facts related to the Released Matters or the negotiations leading hereto to any person except as may be necessary for the preparation of financial statements or tax returns, or an may be required by law, or by valid Order of Court. If any Party or person acting on behalf of a Party hereto receives an inquiry about this Agreement, such Party will respond only that "the matter has been resolved." Nothing in this Agreement shall, however, be deemed to interfere with each Party's obligation to report transactions with appropriate governmental, taxing and/or registering agencies or Court Order.

7.    **Validity of Agreement.**  Should any clause, sentence, paragraph or other part of this Agreement be finally adjudged by any court of competent jurisdiction to be unconstitutional, invalid or in any way unenforceable, such adjudication shall not affect. impair, invalidate or mollify the remainder of the Agreement, but shall affect only the clause, sentence, paragraph or other parts so adjudged.

8.    **Signing in Counterparts.**  This Agreement may be signed in Counterparts, each of which shall be deemed an original, but all of which together constitute one and the same Agreement.

9.    **Costs and Fees.**  Each party agrees to bear the expenses of its own attorney's fees and costs in connection with the matters addressed herein.

10.    **Fees.**  The Parties will bear their own respective attorney's fees, expenses and costs in connection with the preparation of this Agreement and the Lawsuit. If any litigation is instituted for the purpose of enforcing or interpreting any provision of this Agreement, the prevailing party or parties, as determined by the trier of fact having jurisdiction thereof, shall be

entitled to recover, in addition to all other relief, an amount equal to all reasonable attorney's fees, costs and expenses.

      **11.**    <u>**Agreement Pertains Only to the Released Matters.**</u> This Agreement pertains only to the Released Matters defined above and nothing in this Agreement shall be deemed or construed as a modification of or a release of or from any other accounts, agreements, debts, loans, promissory notes, mortgages, security agreements, contracts, liabilities, or obligations the parties now have or may have in the future (or any one of them, or any combination of them) that are not specifically and expressly described in detail in this Agreement.

      **12.**    <u>**Release of Unknown Claims.**</u> The Parties intend that, in executing this Agreement and doing the acts called for herein, that this Agreement constitutes a full and final accord and satisfaction and settlement of and a bar to each and every item hereby released. In connection with such waiver, the Parties acknowledge that they are aware that they may hereafter discover facts different from or in addition to the facts they now know or believe to be true.

      **13.**    <u>**Agreement Fully Read and Understood.**</u> The Parties: (a) have read this Agreement carefully; (b) obtained the advice of legal counsel, or have voluntarily elected not to do so; and (c) are fully informed of the content and meaning of this Settlement Agreement and Release. The Defendant is executing this negotiated Settlement Agreement and Release voluntarily and not under duress of any kind.

      IN WITNESS WHEREOF, the Parties hereto evidence their agreement and have executed this Agreement as of the day and year first below written.

Date Executed: 9/1/20

Defendant Pro Se
Printed Name: Prasanna Goodewardena

Transworld Systems, Inc., On Behalf of
NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2007-4, A DELAWARE STATUTORY
TRUST(S)

Date Executed: 9/16/2020

By: 

Printed Name: Bradley Luke

Title: Director of Operations

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2007-4, A DELAWARE STATUTORY
TRUST(S),

<div style="margin-left:2em">Plaintiff(s),</div>

-against-

PRASANNA GOONEWARDENA,

<div style="margin-left:2em">Defendant(s).</div>

**SETTLEMENT AND
RELEASE AGREEMENT**

**Index No.:  76/13**

**Forster & Garbus Acct. No.:
MS70000060673**

---

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff attorney and Defendant attorney that:

1.    Defendant consents to the jurisdiction of the Court.

2.    Defendant hereby withdraws the answer and waives any and all offsets, defenses and/or counterclaims with prejudice.

3.    Pursuant to CPLR § 8020(d), it is the Defendant's obligation to file the within stipulation of settlement, it shall, however, be filed by the Plaintiff.

4.    This action is now resolved and the attached stipulation of discontinuance of this action with prejudice shall be filed with the court.  This stipulation is in settlement of this action only and only against the Defendant signing this stipulation.

5.    <u>Release of Claims:</u>  Defendant releases and discharges National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust(s) and its respective current and former predecessors, successors, parents, affiliates, subsidiaries, and all of the aforementioned respective agents (Transworld Systems, Inc. and U.S. Bank National Association), employees, officers, directors, shareholders, attorneys (Forster & Garbus, LLP.) and its partners and employees, collection agencies, credit reporting agencies and vendors (the "Releasees") from all claims of any kind (including any claims for damages, interest, fees and/or attorney's fees) that he may have with respect to the student loan 1729/004-001000, or any other matters between Defendant and Releasees, including without limitation, all claims that were asserted or could have been asserted in the Litigation as of the date of this Agreement.  Defendant further agrees that he will not file any claims, complaints, affidavits, arbitrations, or proceedings with any regulatory or administrative agency with respect to the matters released in this Agreement against any of the aforementioned, and any such claims, complaints, affidavits, arbitrations or proceedings filed prior to the execution of this Agreement shall promptly be dismissed or withdrawn.  This Agreement is intended to resolve forever this entire disagreement between Defendant and Releasees.

6.    Facsimile signatures shall be deemed original for purposes of this settlement stipulation only.

7.   This Settlement Agreement and Release is an exhibit to the Settlement and Release Agreement so ordered by Hon. Steven L. Tiscione in the *Prasanna Goodwarden v. Forster & Garbus, LLP, et al.* case in the Eastern District of New York (Civil Case No. 18-cv-00029) which reflects a final resolution of this matter going forward and that Defendant Pro Se cannot seek any further relief against the released parties.

Dated: 9/1/20

By: *Tns Goonewadl*
Prasanna Goonewardena
Defendant Pro Se
24734A 77th Crescent
Apt. A
Bellerose, New York 11426

FORSTER & GARBUS, LLP
As Attorneys for the Plaintiff

By:
MARK A. GARBUS
60 Motor Parkway
PO Box 9030
Commack, New York 11725
(631) 393-9400

**SO ORDERED:**

Hon. _____

(PLEASE NOTE THAT WE ARE REQUIRED, UNDER FEDERAL LAW, TO ADVISE YOU THAT WE ARE DEBT COLLECTORS AND ANY INFORMATION WE OBTAIN WILL BE USED IN ATTEMPTING TO COLLECT THIS DEBT.)

## RELEASE AGREEMENT

### I.    PARTIES

This Settlement Agreement and Release of Liability ("Agreement") is entered into this 31 day of August, 2020 by and between National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust(s) ("NCT") and Prasanna Goonewardena ("Defendant"), referred to collectively as "the Parties".

### II.    RECITALS

A.    On or about January 8, 2013 NCT filed an action regarding the student loan account 1729/004-001000 (the "Account", captioned National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust(s) v. Prasanna Gooewardena., in the New York Supreme Court of Queens, Index No.: 76/13 ("Complaint"). The Complaint alleged the Defendant became indebted to NCT (the "Allegations") regarding the Account.

B.    On or about January 23, 2014, the Parties entered into a Settlement Stipulation and Release Agreement and presently owes $2,040.00 under said Stipulation.

C.    The Parties hereto wish to resolve all the disputes between them, asserted or unasserted, related to the Account, and the Action without admissions of any liability by either party.

### III.    AGREEMENT

NOW THEREFORE, in consideration of these promises and the mutual covenants set forth herein and for valuable and mutual consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows in order to avoid the costs and uncertainties of further litigation:

1.    **Recitals:** The foregoing recitals are confirmed as true and correct and are confirmed by the Parties as true and correct and are incorporated herein by reference. The recitals are a substantive and contractual part of this Agreement.

2.    **Dismissal of Action with Prejudice.** Upon execution of this Release Agreement, NCT, through its counsel, shall execute and file a Stipulation of Discontinuance with Prejudice attached hereto as Exhibit "A".

3.    **Release of Defendant.** In consideration of the promises contained herein, the Defendant hereby releases and forever discharges, on Defendant's behalf and on behalf of all of Defendant's agents, assigns, heirs, successors, servants and representatives including attorneys, do hereby release, acquit and forever discharge NCT and all of its affiliates, parents, and/or subsidiary corporations, account servicers and sub-servicers, including but not necessarily limited to Transworld Systems, Inc. ("TSI") and U.S. Bank National Association, their

representatives, managing partners, officers, directors, shareholders, employees, agents, assigns, predecessor or successors, servants, insurers, licensees, and representatives including attorneys ("Forster & Garbus"), together with any and all other persons who are or might be liable from any and all known or unknown claims, demands and causes of action of any sort and all damages, in equity or contract, which Defendant now or hereafter can, shall or may have relating to or assertable in connection with the Account or the Action ("Released Matters").

**4.    Settlement Not an Admission.**  This Agreement, and any negotiations or proceedings connected with it, shall not in any event constitute or be construed as, or be deemed to be evidence of any admission of or concession of any wrongdoing by either party hereto.

**5.    Representation.**  The Parties represent and warrants that the Parties have not sold, transferred, conveyed, assigned, or otherwise disposed of any right, title or interest in any of the Released Matters herein to any person or entity, and that the Parties are not aware of any other person or entity who may have or who has asserted or can assert a right, title, or interest in any of the Released Matters covered by this Agreement. The Parties further affirms that they are fully capable of executing this Agreement and understands its contents.

**6.    Confidentiality.**  The terms of this Settlement Agreement and any and all facts related to the Released Matters, and the negotiations leading hereto are confidential. The Parties agree not to disclose the terms of this Settlement Agreement and any facts related to the Released Matters or the negotiations leading hereto to any person except as may be necessary for the preparation of financial statements or tax returns, or an may be required by law, or by valid Order of Court. If any Party or person acting on behalf of a Party hereto receives an inquiry about this Agreement, such Party will respond only that "the matter has been resolved." Nothing in this Agreement shall, however, be deemed to interfere with each Party's obligation to report transactions with appropriate governmental, taxing and/or registering agencies or Court Order.

**7.    Validity of Agreement.**  Should any clause, sentence, paragraph or other part of this Agreement be finally adjudged by any court or competent jurisdiction to be unconstitutional, invalid or in any way unenforceable, such adjudication shall not affect, impair, invalidate or mollify the remainder of the Agreement, but shall affect only the clause, sentence, paragraph or other parts so adjudged.

**8.    Signing in Counterparts.**  This Agreement may be signed in Counterparts, each of which shall be deemed an original, but all of which together constitute one and the same Agreement.

**9.    Costs and Fees.**  Each party agrees to bear the expenses of its own attorney's fees and costs in connection with the matters addressed herein.

**10.    Fees.**  The Parties will bear their own respective attorney's fees, expenses and costs in connection with the preparation of this Agreement and the Lawsuit. If any litigation is instituted for the purpose of enforcing or interpreting any provision of this Agreement, the prevailing party or parties, as determined by the trier of fact having jurisdiction thereof, shall be

entitled to recover, in addition to all other relief, an amount equal to all reasonable attorney's fees, costs and expenses.

11. **Agreement Pertains Only to the Released Matters.** This Agreement pertains only to the Released Matters defined above and nothing in this Agreement shall be deemed or construed as a modification of or a release of or from any other accounts, agreements, debts, loans, promissory notes, mortgages, security agreements, contracts, liabilities, or obligations the parties now have or may have in the future (or any one of them, or any combination of them) that are not specifically and expressly described in detail in this Agreement.

12. **Release of Unknown Claims.** The Parties intend that, in executing this Agreement and doing the acts called for herein, that this Agreement constitutes a full and final accord and satisfaction and settlement of and a bar to each and every item hereby released. In connection with such waiver, the Parties acknowledge that they are aware that they may hereafter discover facts different from or in addition to the facts they now know or believe to be true.

13. **Agreement Fully Read and Understood.** The Parties: (a) have read this Agreement carefully; (b) obtained the advice of legal counsel, or have voluntarily elected not to do so; and (c) are fully informed of the content and meaning of this Settlement Agreement and Release. The Defendant is executing this negotiated Settlement Agreement and Release voluntarily and not under duress of any kind.

IN WITNESS WHEREOF, the Parties hereto evidence their agreement and have executed this Agreement as of the day and year first below written.

Date Executed: _August 31, 2020_

Defendant Pro Se
Printed Name: Prasanna Goodewardena

Transworld Systems, Inc., On Behalf of
NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2007-4, A DELAWARE STATUTORY
TRUST(S)

Date Executed: _9/16/2020_

By: _____

Printed Name: _Bradley Luke_

Title: _Director of Operations_

# EXHIBIT C

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**
------------------------------------------------------------X   **Index No. 00080/13**

NATIONAL COLLEGAITE STUDENT LOAN
TRUST 2007-4, A DELAWARE STATUTORY
TRUST(S),
                                        **Plaintiff,**

                                                            **STIPULATION**
      **- against -**                                       **DISCONTINUING ACTION**
                                                            **WITH PREJUDICE**
PRASANNA GOONEWARDENA,

                                        **Defendant.**
------------------------------------------------------------X   **F&G Acct. No. MS70000060672**

    **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, the

Plaintiff's attorney and the Defendant *pro* se, that whereas no party hereto is an infant,

incompetent person for whom a committee has been appointed or conservator, and no person not

a party has an interest in the subject matter of the action, the above entitled action be, and the

same hereby is discontinued with prejudice, without costs to either party as against the other.


    <u>**Release of Claims**</u>:  The parties release and discharge one another together with their

respective heirs, beneficiaries, current and former predecessors, successors, parents, affiliates,

subsidiaries, and all of the aforementioned's respective agents, employees, officers, directors,

shareholders, attorneys (Forster & Garbus, LLP) collection agencies, credit reporting agencies

and vendors (the "Releasees") from all claims of any kind (including any claims for damages,

interest, fees and/or attorney's fees) that they may have with respect to the student loan that was

issued to Defendant bearing account number 1729/003-001000. The parties further agree that

they will not file any claims, complaints, affidavits, arbitrations or proceedings with any

regulatory or administrative agency with respect to the matters released in this Stipulation

against any of the aforementioned, and any such claims, complaints, affidavits, arbitrations or

<center>Page 1 of 2</center>

proceedings filed prior to the execution of this Stipulation shall promptly be dismissed or

withdrawn. This Stipulation is intended to resolve forever the entire disagreement between the

parties, with respect to the aforementioned account.

Dated: Commack, New York
       August 31, 2020.


By: _____
Prasanna Goonewardena
Defendant *Pro Se*
24734A 77th Cres, Apt A
Bellerose, NY 11426-1880
(718) 343-4473


By: _____
Forster & Garbus, LLP
Attorneys for Plaintiff
60 Motor Parkway
P.O. Box 9030
Commack, New York 11725
(631) 393-9400

By: _____
MARK A, GARBUS
MARK A. GARBUS PRTNR

# EXHIBIT D

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**
-------------------------------------------------------------X   Index No. 00076/13

NATIONAL COLLEGAITE STUDENT LOAN
TRUST 2007-4, A DELAWARE STATUTORY
TRUST(S),
                    Plaintiff,

          - against -

PRASANNA GOONEWARDENA,

                    Defendant.
-------------------------------------------------------------X   F&G Acct. No. MS70000060673

     **STIPULATION
DISCONTINUING ACTION
WITH PREJUDICE**

    **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, the

Plaintiff's attorney and the Defendant *pro* se, that whereas no party hereto is an infant,

incompetent person for whom a committee has been appointed or conservator, and no person not

a party has an interest in the subject matter of the action, the above entitled action be, and the

same hereby is discontinued with prejudice, without costs to either party as against the other.


    <u>Release of Claims</u>:  The parties release and discharge one another together with their

respective heirs, beneficiaries, current and former predecessors, successors, parents, affiliates,

subsidiaries, and all of the aforementioned's respective agents, employees, officers, directors,

shareholders, attorneys (Forster & Garbus, LLP) collection agencies, credit reporting agencies

and vendors (the "Releasees") from all claims of any kind (including any claims for damages,

interest, fees and/or attorney's fees) that they may have with respect to the student loan that was

issued to Defendant bearing account number 1729/004-001000.  The parties further agree that

they will not file any claims, complaints, affidavits, arbitrations or proceedings with any

regulatory or administrative agency with respect to the matters released in this Stipulation

against any of the aforementioned, and any such claims, complaints, affidavits, arbitrations or

proceedings filed prior to the execution of this Stipulation shall promptly be dismissed or withdrawn. This Stipulation is intended to resolve forever the entire disagreement between the parties, with respect to the aforementioned account.

Dated: Commack, New York
      August 31, 2020.

By: _____
Prasanna Goonewardena
Defendant *Pro Se*
24734A 77th Cres, Apt A
Bellerose, NY 11426-1880
(718) 343-4473

By: _____
Forster & Garbus, LLP
Attorneys for Plaintiff
60 Motor Parkway
P.O. Box 9030
Commack, New York 11725
(631) 393-9400

By: _____ MARK A. GARBUS PRTNR

# EXHIBIT E

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------X   Index No. 040779/12
NATIONAL COLLEGAITE STUDENT LOAN
TRUST 2007-2, A DELAWARE STATUTORY
TRUST(S),
                    **Plaintiff,**

       - against -

PRASANNA GOONEWARDENA,

               **Defendant.**
-------------------------------------------------------X   F&G Acct. No. MS50000060674

**STIPULATION
DISCONTINUING ACTION
WITH PREJUDICE**

      IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the
Plaintiff's attorney and the Defendant *pro* se, that whereas no party hereto is an infant,
incompetent person for whom a committee has been appointed or conservator, and no person not
a party has an interest in the subject matter of the action, the above entitled action be, and the
same hereby is discontinued with prejudice, without costs to either party as against the other.

      <u>Release of Claims</u>:  The parties release and discharge one another together with their
respective heirs, beneficiaries, current and former predecessors, successors, parents, affiliates,
subsidiaries, and all of the aforementioned's respective agents, employees, officers, directors,
shareholders, attorneys (Forster & Garbus, LLP) collection agencies, credit reporting agencies
and vendors (the "Releasees") from all claims of any kind (including any claims for damages,
interest, fees and/or attorney's fees) that they may have with respect to the student loan that was
issued to Defendant bearing account number 1729/002-001000. The parties further agree that
they will not file any claims, complaints, affidavits, arbitrations or proceedings with any
regulatory or administrative agency with respect to the matters released in this Stipulation
against any of the aforementioned, and any such claims, complaints, affidavits, arbitrations or

proceedings filed prior to the execution of this Stipulation shall promptly be dismissed or

withdrawn.  This Stipulation is intended to resolve forever the entire disagreement between the

parties, with respect to the aforementioned account.

Dated: Commack, New York
      August _31_, 2020.


By: _____
Prasanna Goonewardena
Defendant *Pro Se*
24734A 77th Cres, Apt A
Bellerose, NY 11426-1880
(718) 343-4473


By: _____

    Forster & Garbus, LLP
    Attorneys for Plaintiff
    60 Motor Parkway
    P.O. Box 9030
    Commack, New York 11725
    (631) 393-9400


By: _____
    MARK A. GARBUS, PRTNR


Page 2 of 2

# EXHIBIT F

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF QUEENS**
-----------------------------------------------------------X    Index No. 040760/12

NATIONAL COLLEGAITE STUDENT LOAN
TRUST 2007-1, A DELAWARE STATUTORY
TRUST(S),

<div align="center">Plaintiff,</div>

   - against -                                **STIPULATION**
                                             **DISCONTINUING ACTION**

PRASANNA GOONEWARDENA,                    **WITH PREJUDICE**

<div align="center">Defendant.</div>

-----------------------------------------------------------X    F&G Acct. No. MS40000060675

       **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the

Plaintiff's attorney and the Defendant *pro se*, that whereas no party hereto is an infant,

incompetent person for whom a committee has been appointed or conservator, and no person not

a party has an interest in the subject matter of the action, the above entitled action be, and the

same hereby is discontinued with prejudice, without costs to either party as against the other.

This stipulation may be filed without further notice with the Clerk of the Court.


       <u>**Release of Claims**</u>: The parties release and discharge one another together with their

respective heirs, beneficiaries, current and former predecessors, successors, parents, affiliates,

subsidiaries, and all of the aforementioned's respective agents, employees, officers, directors,

shareholders, attorneys (Forster & Garbus, LLP) collection agencies, credit reporting agencies

and vendors (the "Releasees") from all claims of any kind (including any claims for damages,

interest, fees and/or attorney's fees) that they may have with respect to the student loan that was

issued to Defendant bearing account number 1729/001-001000. The parties further agree that

they will not file any claims, complaints, affidavits, arbitrations or proceedings with any

regulatory or administrative agency with respect to the matters released in this Stipulation

<div align="center">Page 1 of 2</div>

against any of the aforementioned, and any such claims, complaints, affidavits, arbitrations or proceedings filed prior to the execution of this Stipulation shall promptly be dismissed or withdrawn. This Stipulation is intended to resolve forever the entire disagreement between the parties, with respect to the aforementioned account.

Dated: Commack, New York
      August 31, 2020.

By: _____
Prasanna Goonewardena
Defendant *Pro Se*
24734A 77th Cres, Apt A
Bellerose, NY 11426-1880
(718) 343-4473

Forster & Garbus, LLP.

By: _____

    Forster & Garbus, LLP
    Attorneys for Plaintiff
    60 Motor Parkway
    P.O. Box 9030
    Commack, New York 11725
    (631) 393-9400

By: _____